Ronald **WALLACE**, Plaintiff–Appellant,

v.

**NYC DEPT. OF CORRECTIONS**, Arnett Gaston, Dr., Warden, New York City Commissioner of Corrections, Inmate # 1 John Doe (in Custody), Inmate # 2 John Doe (in Custody), Defendants–Appellees.

Docket No. 02–0259.

United States Court of Appeals, Second Circuit.

Nov. 18, 2004.

Solomon G. Dailey, Jamaica, NY, for Appellant.

Sharyn Michele Rootenberg, Assistant Corporation Counsel of the City of New York (Michael A. Cardozo, Corporation Counsel, Larry A. Sonnenshein, Assistant Corporation Counsel, on the brief), New York, NY, for Appellees.

PRESENT: WALKER, Chief Judge, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Ronald Wallace appeals from the August 21, 2002 judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge* ) denying his request for discovery and dismissing his complaint, amended complaint, and second amended complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Familiarity with the facts is presumed. We affirm.

This case was previously before us on an appeal from a motion to dismiss. *Wallace v. New York City Dep't of Corrections*, No. 96–2966 (2d Cir. July 25, 1997). We entered an order vacating the district court's dismissal and remanding to allow appellant to "replead within a reasonable amount of time naming those officers who failed to stop the assault or to treat his wounds as defendants." *Id.* For two years appellant failed to pursue his case. In July of 1999, he filed a request for discovery with the district court and informally asked for leave to amend his complaint. On August 21, 2002, the district court denied appellant's requests and dismissed the complaint pursuant to Rule 12(b)(6).

While we generally review a denial of leave to amend the complaint for abuse of discretion, *Ellis v. Chao*, 336 F.3d 114, 126–27 (2d Cir.2003), we review *de novo* the district court's application of our remand order requiring that plaintiff act within a reasonable time, *see, e.g., Carroll v. Blinken*, 42 F.3d 122, 126 (2d Cir.1994). Here, appellant's request was made two years after the case was remanded and nearly four years after the complaint was initially filed. Moreover, the amendment appellant sought would, at this late date, have been futile. The three-year statute of limitations for actions under 42 U.S.C. § 1983 had long since run; thus, appellant could only have added the unnamed officials under the "relation back" provision of Fed.R.Civ.P. 15(c). *See VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir.2001). As appellant here intentionally omitted the unnamed officers from his initial complaint, and because addition of those officers over eight years after the events transpired would surely be a source of prejudice, appellant could not have added the officers under Rule 15(c). Leave to amend was therefore properly denied.

Turning to appellant's claim that his discovery request was improperly denied, we review the district court's ruling for abuse of discretion. See *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir.2004). Because appellant sought to discover the names of the two officers in order to add them to his complaint, any discovery would have been futile as well; denial of his request was therefore not an abuse of discretion.

Finally, we review the district court's dismissal of appellant's complaint for failure to state a claim *de novo*. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir.2004). This court previously gave appellant a chance to cure the defects in his complaint and specifically directed him to name the officers who were present at the time of his injury. Appellant failed to timely replead in the manner we suggested, and as a result his complaint fails to state a claim. It was therefore properly dismissed.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.